## LEO TURNER v. STATE.

No. A-2578.  Opinion Filed January 22, 1917.

(161 Pac. 606.)

*Appeal from County Court, Comanche County;*
*R. J. Ray, Judge.*

Leo Turner, convicted of a violation of the prohibitory law, appeals.  Affirmed.

*J. A. Lenertz,* for plaintiff in error.

*T. B. Orr,* Co. Atty., and *S. P. Freeling,* Atty. Gen., for the State.

PER CURIAM.  On information filed in the county court of Comanche county, charging "that at and within said county and state, on the 17th day of April, 1915, Leo Turner, then and there being, did then and there willfully and unlawfully have in his possession intoxicating liquors, to wit, seventy-five one-half pints and ten pints and six quarts of whisky and six quarts of beer, with the purpose and intent of him, the said Leo Turner, to barter, sell, and give away and otherwise furnish the same to other persons contrary to," etc., the plaintiff in error was convicted, and by the judgment of the court he was sentenced to pay a fine of $500, together with all costs, and that he be imprisoned in the county jail of Comanche county for a period of six months from and after his commitment thereto, and for such further time as shall satisfy said fine and costs, if the same be not paid by the defendant.

The evidence showing possession of the liquors and unlawful intent as alleged is conclusive, and undisputed

13 O C R—4

by any evidence on the part of the defendant. Upon his arraignment, the defendant filed a motion to dismiss, on the ground that the county court was without jurisdiction, because "the defendant herein has heretofore been tried and convicted in this court for violating the liquor laws of the State of Oklahoma, that he was sentenced by this court for said offense, and served said sentence; that, if the facts set forth in the information herein are true, they will constitute a second and subsequent offense on the part of the defendant herein, and this defendant is guilty of a felony, and this court is wholly without power or jurisdiction to try said defendant, or to hear and determine the offense set forth in said information, and if found guilty herein the court will be wholly without power and jurisdiction to pass sentence upon the defendant herein." Such motion was overruled. The foregoing presents the only question attempted to be raised. The allegations of the information merely charge a misdemeanor, and the court below very properly overruled the motion to dismiss for want of jurisdiction. Upon the whole case we think the defendant had a fair trial, and there is no doubt of his guilt.

The judgment appealed from is therefore affirmed. Mandate forthwith.